HAILEY *v.* McLAURIN'S ESTATE.

[73 South. 727, Division A.]

1. WILLS. *Construction.* *"Demonstrative legacy." "Specific legacy."*
   A bequest to a trustee to create, from the proceeds of the testator personal property and the sale of his real estate not situaed in this state, a fund of two thousand five hundred dollars to be

paid to a state charitable hospital, was not under the will in this case intended by the testator to be a "specific legacy" but a "demonstrative legacy," to be paid out of the general assets of the estate of the testator, if necessary, and was not adeemed because of the partial failure of the particular fund from which it was to come.

2. SAME.

The intent of the testator must control and determine the character of a legacy.

3. WILLS. *Bequest.* "*Religious or ecclesiastical corporation or association.*"

Under chapter 115, Laws 1910, the board of trustees of the Mississippi State Charity Hospital are authorized to receive bequests of property when not contrary to the state Constitution, and such a bequest of personal property is not violative of our statutes of mortmain sections 5090 and 5091, Code 1906 which are the same as sections 269 and 270 of our state Constitution.

4. WILLS. *Validity.* *What law governs.*

The validity of a will of a citizen of Mississippi who devises lands to charitable institutions is governed as to lands in Tennessee, by the laws of that state which do not prohibit such devises of land or money raised by the sale thereof, to charitable institutions as are condemned by section 269 of our Constitution.

Appeal from the Chancery court of Hinds county.

HON. G. G. LYELL, Special Chancellor.

Suit between Mrs. Mary E. Hailey and the estate of J. W. McLaurin deceased. From a judgment, Mrs. Hailey appeals.

The facts are fully stated in the opinion of the court.

*W. E. Morse,* for appellant.

The will is clear and explicit and shows great care and diligence in the preparation thereof, and the testator set out in terms which can have but one construction, that he intended creating a special bequest and that it was his desire to evade the statute of Mortmain.

In the case of *Maloney* v. *Mooring,* 40 Miss. 247, our court said, "when a particular fund is referred to only as pointing out a convenient mode of payment, the

legacy is considered as demonstrative; but if the gift be of the fund itself, in whole or in part, or is so charged upon it as to show the intention to burden that object alone with the payment, it is esteemed specific. 2 Williams, Exrs., 1043 note 1; *Chatsworth* v. *Beech,* 4 Jeasy Jr. P. 555, note a; *Smith* v. *Fitzgerald,* 3 Ves. and B. 5; *Ludlam Estate,* 13 Penn. St. R. 188; Balliet's Appeal, 14 Jd. 461; *Walls* v. *Steward,* 16 Id. 275.''

The following definitions of specific bequests show that the bequest in question falls under this head. *Palmer* v. *Palmer's Estate,* 75 A. 130, 106 Me. 26: ''A specific bequest is a bequest of a specific thing or fund that can be separated out of all the rest of the testator's estate of the same kind so as to individualize it, and enable it to be delivered to the legatee as a particular thing or fund bequeathed.''

The court said in the case of *Gardner et al.* v. *Vial et al.,* 90 A. 760 (R. I. Case): ''A specific legacy is the bequest of a definite specific thing, capable of being designated and identified. A general legacy is one which does not necessitate the delivery of any particular thing or the payment out of any particular portion of the estate.

The Iowa court in 1914 said in the case of *Carpenter's Estate* v. *Wiley,* 147 N. W. 175: '' If it is the intention to have it paid without reference to the fund upon which it is primarily a charge, it is general, but if it is specific, this definition has oftentimes been repeated and should be accepted as correct.'' See *Smith* v. *McKittereck,* 51 Iowa, 551, 2 N. W. 257, 8 N. E. 251.

''The bequest of a particular thing or money, specified and distinguished from all others of the same kind is a regular specified legacy. *Broadwell* v. *Broadwell,* 61 Ky. 290.

''A legacy is specific when it is the intention of the testator that the legatee shall have the very thing

bequeathed, and not merely a corresponding amount in value." *Wallace* v. *Wallace,* 23 N. H. 149.

"When a legacy by its terms, indicate a particular part of the testator's estate, it is specific, otherwise general." *Tifft* v. *Porter,* 8 N. Y. 515.

"A specific legacy is a gift or bequest of some definite, specified thing, capable of being designated and identified. *In re Martin,* 54 A. 589, 25 R. I. Case.

"A specified legacy is the bequest of a particular thing or money specified and distinguished from all others of the same kind, which should at once vest with the assets of the executor; it is a part of the testator's property itself, it is sacred and distinguished from the whole of his property, and is liable to ademption." *Norris* v. *Garland Admr.,* 78 Va. 215.

In *Evans* v. *Hunter,* 86 Iowa, 413, 17 L. R. A. 308, 41 Am. St. Rep. 503, 53 N. W. 277, the court said: "A specific bequest is one which necessitates delivering a particular thing, or the payment of money out of a particular portion of the estate."

Numerous examples of what constitutes a specific bequest could be cited to the court, but a specific bequest is determined from the wording of the particular will and the intention of the testator controls, this is to be gathered from the interpretation of the entire will. The testator in this case could not have more clearly expressed himself, than when he directed from what portion of his estate the fund of twenty-five thousand dollars was to be created from. "And the said trustees or its successors in trust shall, out of the proceeds of my personal property, and out of the proceeds of the sale of my realty, not situated in the state of Mississippi, create a fund of twenty-five thousand dollars. The testator had already sold the land in question, but had not yet realized upon it; it was a part of his estate and could not have been better identified than it was in this instance. The appellee may claim that it is a broad division, but

there is no room to doubt that the testator meant what he said, and there can be no two constructions placed upon his meaning. It was his intention to create this fund absolutely and he provided minutely how the money was to be invested and reinvested. He was specific in his direction of the creation and maintenance of a trust fund, he was equally specific in directing how this fund was to be created from what portion of his estate it was to be taken, showing that this was a specific bequest, and this fund was to be taken from a specific portion of his estate. There can be no doubt that the testator did not want money from the sale of his land located in the state of Mississippi to be included in this amount; we can infer that it was the intention of the testator to evade the Statute of Mortmain; had this been his intention he could not have been more specific as to where the money was to be created from.

But there was a failure of this specific bequest; when the executor's report was made it was explained to the court that there was not enough assets to pay the specific bequest, and permission was asked to loan the fund so as to increase the same until it would equal the amount of twenty-five thousand dollars.

The court held in the case of *Morris* v. *Garland, Admr.*, 78 Va. 215, "A 'Specific Legacy' is a gift of a particular specific thing, or the proceeds of the sale of a specific thing, or a specific fund, or a definite portion thereof, and it is satisfied by the delivery of the specific property identified as the subject-matter of the gift, and where the same is not owned by the testator at the time of his death, the legatee takes nothing, for he has no claim on the general assets."

The executor and the court placed this construction upon this will, they did not attempt to have the lands situated in the state of Mississippi sold to satisfy this legacy, but recited in one of their petitions that it would be unlawful to use the proceeds from the sale of the realty in the state of Mississippi. The

executor attempted to carry out the will of the testator and asked leave of the court to lend money to create this bequest. Now it is a principle that the courts lean against the construction of a bequest as being specific, but at the same time they lean against the construction or interpretation of a will in favor of a charity as opposed to the natural heirs of the testator, one of these leanings should lean against the other and contract its influence. The court, when the request was made for permission to loan this money, granted the request, thus showing that the court below did not consider the same as either a general or a demonstrative bequest.

40 Cyc. on the subject of Willis, page 1869, says, "A specific legacy is the bequest of some definite, specific thing capable of being designated and identified; one which separates and distinguishes the property bequeathed from the property of the testator so that it can be identified, and delivered to the legatee as a particular thing or fund bequeathed. Such a legacy can be satisfied only by a delivery to the legatee of the particular thing bequeathed to him, and if the thing is not in existence when the bequest would otherwise become operative, the legacy has no effect."

Thompson in an exhaustive book of Wills published in 1916 on page 122, had this to say in regard to specific bequests: "A specific legacy is the gift of something which a testator, identifying it by a sufficient description, and manifesting an intention that it should be enjoyed or taken in the state or condition indicated by that description, separates in favor of a particular legatee from the general mass of his personal estate. *Bairner* v. *Cowdry*, 16 Conn. 1; *Bradford* v. *Haynes*, 20 Me. 105; *Towle* v. *Swansey*, 106 Mass. 100; *Crawford* v. *McCarty*, 159 N. Y. 514.

I take it that it is a rule of law that is too obvious to require the citation of authorities that a specific bequest vests in the beneficiary immediately upon the

death of the testator and it is equally as obvious that if the thing bequeathed is not in being at the death of the testator, the beneficiary takes nothing.

The special bequest which the testator in this case made to the state charity hospital, failed when the proceeds from the personal property and the proceeds from the sale of the real property, not located in the state of Mississippi failed to measure up to the amount bequeathed. The court should have declared that the bequest had failed and that the moneys that were in the possession of the trustee should have been turned over to the residue beneficiaries under the will.

*Whitfield & Whitfield,* for appellees.

The tendency of the courts is very strong against ever construing a legacy to be specific if it can be reasonably made out to be general or demonstrative. In Jarman on Wills, volume, 2, bottom of page 1067, the author says: "But in construing wills the court leans very strongly against specific legacies, so that in case of doubt the more probable view is that the legacy is not specified."

Mr. Jarman, in Volume 2, page 1065, points out the fact that in the earlier cases definitions of specific legacies have been given, which, in the light of some recent authorities, are found to be incompleted or inaccurate. And in 1 Underhill on Wills, section 405, it is again repeated that the leaning of the courts is to construe legacies as general and not as specific.

The best statement and definition of a demonstrative legacy, one which has been agreed upon by all the courts, is that given by Lord Thurlow, Underhill on Wills, Volume 1, section 406, where he says: "A demonstrative legacy is one which is in its nature a general legacy, but where a particular fund is pointed out to satisfy it."

We submit that this is a perfectly sound, ample and full definition of a demonstrative legacy. In this case, the testator points it out, the proceeds of the lands not in the state of Mississippi the proceeds of his personal property, both as the fund out of which primarily this twenty-five thousand dollars was to be paid. It was clearly a demonstrative legacy. It was, in case there should be a deficiency of assets to pay the twenty-five thousand dollars, not to be subject to ademption. The whole twenty-five thousand dollars was not to fail or to be adeemed, simply because there was not quite twenty-five thousand dollars of assets; nor was the legacy to suffer any abatement for want of a sufficiency of assets, if the twenty-five thousand dollars could be made up out of the general assets. We subjoin some other authorities which we think make it clear. Jarman on Wills, at the bottom of page 1071.

This is decisive, it seems to us especially in view of the doctrine laid down in Underhill on Wills and elsewhere, "that the courts lean more strongly against specific legacies, and that a demonstrative legacy is not subject to ademption or to abatement. 1 Underhill on Wills, sections 406 and 407; Page on Wills, section 770; Section 774, Underhill; 40 Cyc., page 1869, et seq.; *Croom* v. *Whitfield, et al.*, 45 N. C. 143; *Morton* v. *Murrell*, 68 Ga. 147; 1 Underhill on Wills, section 406; 3 Pomeroy on Equity, section 1133.

It must be perfectly manifest, if we turn now to the definition of a specific legacy and apply that to the facts of this case, that this legacy of twenty-five thousand dollars to the trustees of the State Charity Hospital, to be paid out of the proceeds of his personal estate and the proceeds of his lands not in Mississippi is plainly not a specific but a demonstrative legacy. We shall not waste time on this branch of the case. Suffice it to say that in 1 Underhill on

Wills, section 407, many instances of a specific legacy are given, as they are given in Jarman and in Cyc.

Counsel's second proposition that this bequest violates the Constitution of the state with regard to the Statute of Mortmain is clearly unsound. The Mississippi State Charity Hospital, through its trustees, clearly had the right to receive this legacy and to apply it; clearly had the power to execute the trust.

Here is a legacy or personal property, not land, and this legacy is given in trust to the trustees of the State Charity Hospital to administer according to the directions of the trust. There is nothing in all of this that can be the subject of objection.

*Watkins & Watkins,* for appellees.

The question first presented and now under discussion is whether or not this devise for the purpose expressed, violated sections 269 and 270 of our organic law. A mere analysis of the two sections of our Constitution as heretofore construed by this court will demonstrate that the devise was carefully made by the testator so as to avoid any constitutional objections thereto. The two sections, while read together, deal with separate classes of property. Section 269 deals with lands; section 270 deals with personal property. By section 269, devises of lands, or interests growing out of lands, in favor of a religious or eleemosynary corporation or society, or to any religious denomination, or to any person or body politic, in trust, for the use of any religious corporation, society, denomination or association, or for the purpose of being appropriated to charity are prohibited.

Section 270, however, is much more limited in its scope, and only prohibits devises of personal property when made in favor of a religious or eleemosynary corporation or society or religious denomination for its own use and benefit, or for the purpose of being

or appropriated to charitable purposes by such religious, eleemosynary corporation, society, denomination or association. In other words, the prohibition is against the devise of personal property to a religious corporation, in society, denomination or association, and there is no prohibition against the devise of personal property for charitable purposes to any other kind of organizations. In other words, section 270 deals with personal property and does not contain the comprehensive language used in section 269 of the Constitution against devises to any person or body politic, in trust, etc. The identical question was passed on by this court in the case of *Blackman* v. *Tucker,* 72 Miss. 735. In that case a decedent devised to an educational institution for its purposes, that is to say, for educational purposes, his real and personal property. This court held very properly that under section 269 of the Constitution, the devise was void as to realty but good as to personalty. The Senatobia Educational Association being neither a religious denomination, corporation or association, there being no prohibition in secton 270 against an educational corporation taking such property either for its own purposes or for charitable purposes. Section 270 prevents and prohibits a religious or denominational or eleemosynary corporation, society or denomination, or association from taking personal property, either for its own use or for charitable purposes, but does not prohibit an educational corporation, denomination, society or association or any kind of corporation, denomination, association, or society from taking a devise of personal property, either for its own use or for charitable purposes.

Suppose, however, we should be in error in this connection. Suppose the court should hold that the Memphis property in which Dr. McLaurin was interested at the time of his death was still real estate and not personalty. Then in such event we respectfully submit

that the devise of this real estate, situated in Tennessee, would be determined by the laws of the state of Tennessee, and not by the laws of the state of Mississippi. And under the laws of the state of Mississippi the devise in question was perfectly valid. It was held recently that devises of real estate must be determined by the law of the place where the real estate is situated. 110 Cyc. pages 1074-1075.

So if the court should hold that the Memphis property was real estate and not personal, we respectfully submit that the devise is perfectly valid because under the laws of the state of Tennessee there exists no prohibition against such devises.

It will be noted that the testator in executing this will had present in his mind the identical question involved. He was in doubt as to whether the court would determine the Memphis property to be realty or personalty. He knew that devise of his Mississippi real estate for the purpose of this trust would be invalid. He knew, however, that as to his personal estate the devise would be valid under section 270 of the Constitution. Therefore, in order to remove any question as to the legality of his will, he simply provided that his trustee should create a fund of twenty-five thousand dollars from his personal estate, and from his real estate situated other than in the state of Mississippi.

HOLDEN, J., delivered the opinion of the court.

The deceased, Dr. J. W. McLaurin, bequeathed twenty-five thousand dollars to the Mississippi State Charity Hospital, using the following language in the will:

"To the Jackson Bank, a corporation authorized by its charter and laws of the state of Mississippi to execute trusts as trustee, I devise and bequeath at my death all of the property, real or personal or mixed

which I may own at the time of my ·death for the following purposes, to wit: . . .

"The said trustee or its successor in trust shall, out of the proceeds of my personal property, and out of the proceeds from the sale of my real estate, not situated in the state of Mississippi, create a fund of twenty-five thousand dollars, which fund of twenty-five thousand dollars the said Jackson Bank or its successor in trust shall pay over and deliver to the trustees of the Mississippi State Charity Hospital, Jackson, Mississippi, and the receipt of the said trustees to the said Jackson Bank shall be a full and complete acquittance to it of said sum. The said trustees of the Mississippi State Charity Hospital, Jackson, Mississippi, shall reinvest said funds and income therefrom until the principal thereof shall equal the sum of fifty thousand dollars, which fund of fifty thousand dollars shall be used by said trustees as follows, to wit. . . . "

The appellant contends: First, that the bequest to the hospital is a specific bequest, and failed because the proceeds from the personal property and the proceeds from the sale of the real estate in Tennessee amounted to only about twenty-two thousand five hundred dollars; second, that the bequest is invalid under sections 269 and 270 of our state Constitution.

It plainly appears from the language of the will that the bequest was not intended by the testator to be a specific legacy, but that it is a "demonstrative legacy," to be paid out of the general assets of the estate of the decedent, if necessary, and is not adeemed because of the partial failure of the particular fund from which it is to come. The intent of the testator must control and determine the character of the legacy; and we find no difficulty in coming to the above conclusion from a careful consideration of the whole will. Underhill on Wills, vol. 1, sections 406, 407; Page on Wills, section 770; 40 Cyc. 1869, 1870-1874; *Croom* v. *Whitfield*, 45 N. C. 143; Jarman on Wills, vol. 2, p. 1063; Pomeroy

on Equity Jurisprudence, vol. 3, section 1133; *Malone* v. *Mooring,* 40 Miss. 247; *Fisk* v. *McNiel,* 1 How. 535; *Minor* v. *Stewart,* 2 How. 912; *Vaiden* v. *Hawkins,* 59 Miss. 406; *Chrisman* v. *Bryant,* 108 Miss. 311, 66 So. 779.

Under chapter 115, Laws of 1910, the board of trustees of the Mississippi State Charity Hospital are authorized to receive bequests of property when not contrary to the state Constitution.

The bequest here was of personal property to the board of trustees of a state charitable institution and was not a bequest to a religious or ecclesiastical corporation or association, as prohibited by section 270 of our Constitution, as it appears that the real estate in Tennessee had been converted into personal property before the death of the testator; but, regardless of this fact, the laws of Tennessee, where the land is situated, which govern here, do not prohibit such devises of land, or money raised by the sale thereof, to charitable institutions as are condemned by our Constitution (Section 269). We here set out the material parts of the two sections referred to:

"Sec. 269. Every devise or bequest of lands, tenements, or hereditaments, . . . or of any money directed to be raised by the sale thereof, contained in any last will and testament, or codicil, or other testamentary writing, in favor of any religious or ecclesiastical corporation, . . . or to any person or body politic, in trust, either express or implied, secret or resulting, either for the use and benefit of such religious corporation, society, denomination, or association, or for the purpose of being given or appropriated to charitable uses or purposes, shall be null and void, and the heir at law shall take the same property so devised or bequeathed, as though no testamentary disposition had been made.

"Sec. 270. Every legacy, gift or bequest of money or personal property, or of any interest, benefit, or use

therein, either direct, implied, or otherwise, contained in any last will and testament or codicil, in favor of any religious or ecclesiastical corporation, sole or aggregate, or any religious or ecclesiastical society, or to any religious denomination or association, either for its own use or benefit, or for the purpose of being given or appropriated to charitable uses, shall be null and void, and the distributees shall take the same as though no such testamentary disposition had been made.''.

Therefore we do not hesitate to hold that our Statutes of Mortmain, section 5090 and 5091, Code of 1906, which are the same as sections 269 and 270 of our Constitution, are not in the way of the validity of the beneficent bequest here made by the deceased, Dr. J. W. McLaurin, to the Mississippi State Charity Hospital, to be used there for the benefit of suffering humanity.

The bequest in question is valid in all respects, and the decree of the chancellor in the lower court is correct and proper in every regard,. and is affirmed.

*Affirmed.*