Bell v. Mississippi Orphans Home et al.

(In Banc. Dec. 20, 1941.)

[5 So. (2d) 214. No. 34771.]

Aubrey H. Bell, of Greenwood, for appellant.

Watkins & Avery, Eugene Palmer, O. B. Taylor, Geo. H. Ethridge, and Green & Green, all of Jackson, and John F. Frierson, of Columbus, for appellees.

Argued orally by **Garner W. Green,** for appellees.

**McGehee, J.,** delivered the opinion of the court.

There is involved on this appeal the question of the validity of several bequests of money made to certain charitable institutions under the last will and testament of Mrs. Kate Ray Moore of Holmes County, Mississippi, executed on January 2, 1941, within less than ninety days before her death on February 1, 1941, when she left an estate of approximately $800,000 in value.

The bequests in question are as follows: First, to the Methodist Orphanage at Jackson the sum of $10,000; second, to the Palmer Orphanage at Columbus the sum of $20,000; third, to the Baptist Orphanage at Jackson the sum of $10,000; fourth, to the Mississippi Childrens Home Society at Jackson the sum of $500; fifth, to the Blind Institute at Jackson (a state institution) the sum of $10,000; and sixth, to the Old Ladies Home Association at Jackson the sum of $10,000.

The testatrix did not leave surviving her a husband or child, or the descendants of a child, but made various bequests to a number of relatives, including annuities to be paid to a sister who survived her and to eight nieces and nephews; and then designated who were to be the residuary legatees under the conditions mentioned in the will, but with which personal bequests and annuities we are not here concerned.

The executor being unwilling to assume the responsibility of paying to said charitable institutions the sums of money directed to be paid to them under the will, unless the validity of such bequests should first be upheld by judicial decision in the light of Section 270, Constitution of the State of Mississippi, as amended by House Concurrent Resolution No. 4, being Chapter 326, Laws of 1940, which was in force both at the time of the execution of the will and at the death of the testatrix, filed his petition in the chancery court in which the will had been probated,

obtained process upon all persons in interest, and asked for the construction of the will as regards the validity of such bequests and for direction from the court as to his duty in the premises. From a final decree upholding the validity of the bequests in question and directing the payment of the same as provided by the terms of the will, the executor appeals.

The sole question presented here for decision is whether said Section 270 of the Constitution required this will to be executed at least ninety days before the death of the testatrix in order for the bequests to these charitable institutions to be valid.

No brief is filed on behalf of any of the relatives of the testatrix, and there is no disposition either on their part or by the executor to do otherwise than carry out the terms of the will if found to be authorized by law.

Prior to the legislative session of 1940, every devise of lands, or of any money directed to be raised by the sale thereof, contained in any last will and testament, in favor of any religious or ecclesiastical corporation, society, denomination or association, or to any person or body politic, in trust, express or implied, either for the use and benefit of such a devisee or for the purpose of being given or appropriated to charitable uses or purposes, was rendered null and void by Section 269 of the Constitution of 1890 and by Section 3564, Code of 1930; and every legacy, gift, or bequest of money or personal property, contained in any last will and testament, in favor of any religious or ecclesiastical corporation, society, denomination or association, for such purposes, were rendered null and void by Section 270 of said Constitution and by Section 3565, Code of 1930, but such legacies, gifts, or bequests of money or personal property in favor of "any person or body politic" other than a religious or ecclesiastical corporation, society, denomination or association of persons, were not prohibited by the latter constitutional and statutory provisions, the words "or to any person or body politic" having been omitted therefrom. Blackbourn v.

Tucker, 72 Miss. 735, 17 So. 737; Old Ladies' Home Ass'n v. Grubbs' Estate, 191 Miss. 250, 199 So. 287.

But at an extraordinary session held in 1938, Laws 1938, Ex. Sess., c. 95, the legislature passed a concurrent resolution proposing an amendment to the Constitution, as provided for by Section 273 thereof, repealing said Section 269, which was submitted to a vote of the qualified electors of the state in an election held for that purpose and duly carried, with less than 5,000 votes registered in opposition thereto; likewise, an amendment to Section 270 of the Constitution was submitted at the same time, Laws 1938, Ex. Sess., c. 94, and a similar result obtained. Wherefore, at its 1940 session, the legislature in obedience to the mandate from the people to liberalize these constitutional and statutory laws so as to render valid such devises and bequests under certain specified limitations and restrictions, repealed Section 3564, Code of 1930, by Chapter 318, Laws of 1940, and also repealed Section 269 of the Constitution by House Concurrent Resolution No. 3, Chapter 325 of said Laws; and it then amended Section 3565, Code of 1930, also by Chapter 318, Laws of 1940, and likewise Section 270 of the Constitution by House Concurrent Resolution No. 4, Chapter 326, Laws of 1940, so as to read as follows:

"No person leaving a spouse or child, or descendants of child shall, by will, bequeath or devise more than one-third of his estate to any charitable, religious, educational or civil institutions, to the exclusion of such spouse or child, or descendants of child, and in all cases the will containing such bequest or devise must be executed at least ninety days before the death of the testator, or such bequest or devise shall be void.

"Provided, however, that any land devised, not in violation of this section, to any charitable, religious, educational, or civil institution may be legally owned, and further may be held by the devisee for a period of not longer than ten years after such devise becomes effective, during which time such land and improvements thereon

shall be taxed as any other land held by any other person unless exempted by some specific statute."

Thus it will be seen that the only restriction or limitation now imposed by the Constitution or statute upon the right of any charitable, religious, educational or civil institution to take a bequest of land is that the devisee may not hold the title to the same for a period of longer than ten years after such devise becomes effective, provided such devise of land is not in violation of Section 270 of the Constitution and Section 3565 of the Code as now written; that is to say, if the testator or testatrix leaves "a spouse or child, or descendants of child . . .," more than one-third of the estate, real or personal, of such a person may not be devised to such an institution "to the exclusion of such spouse or child, or descendants of child, and . . . such bequest or devise [by a person leaving a spouse or child or descendants of child] must be executed at least ninety days before the death of the testator . . ."

It is contended, however, by the executor that the clause contained in the first paragraph of Section 270 as amended and of said Code section, and which clause reads "and in all cases the will containing such bequest or devise must be executed at least ninety days before the death of the testator, or such bequest or devise shall be void," applies to any person making a bequest or devise to any such institution, without regard to whether or not such person leaves a spouse or child or descendants of a child; that otherwise the limitation contained in the second paragraph of the said constitutional and statutory provisions as now written, prohibiting a devise of land to be held for a period of longer than ten years after such devise becomes effective, would only apply to land devised to such an institution by a person leaving a spouse or child, or descendants of a child, and that such an institution could take a devise of land under the will of any other person without any limitation as to the period of time in which it could hold the same. It is our opinion,

however, that this position is untenable. The first paragraph of these provisions prescribes the maximum portion of the estate of the person "leaving a spouse or child, or descendants of child," that may be devised to "any charitable, religious, educational or civil institutions, to the exclusion of such spouse or child, or descendants of child," and has no reference to bequests or devises made under the will of a person not coming within that description; also the provision contained therein which prescribes a minimum period of time for such a last will and testament to be executed prior to the death of the testator, in order to be valid, requires only those wills containing such a bequest or devise, that is to say, a bequest or devise in favor of such an institution made by a person leaving a spouse or child, or descendants of child, and to the exclusion of them, to be executed at least ninety days before the death of the testator. Moreover, it is our view that the legislature in enacting the second paragraph of this section of the Constitution, as amended, had in mind that on that same day it had repealed Section 269 of the Constitution which prohibited a devise of land at all to such an institution in trust for charitable purposes, and then proceeded to provide therein a limitation upon the period of time during which such an institution could hold any land devised to it under the authority of Section 270 of the Constitution or under Section 3565 of the Code, as then amended, without regard to whether or not the testator or testatrix left surviving him or her a spouse or child, or descendants of a child.

The first paragraph of Section 270 of the Constitution, as amended, seems to have been modelled after Section 2419 of the Code of Georgia 1873, with the single exception that this provision of our Constitution has substituted "spouse" for "wife." And, it is well settled under the Georgia law that where there is no wife or child, or descendants of child, a will may be executed at any time. In the case of Reynolds v. Bristow, 37 Ga. 283, the court quoted this statute of their state and held that a testator

cannot, when he leaves a wife or child, or the descendants of a child, devise more than one-third of his estate to charitable uses, and construed the words "and in all cases the will containing such bequest or devise must be executed at least ninety days before the death of the testator" to apply to all cases of that description whether he attempts to devise as much as one-third of his estate to charitable uses, or a less portion of his estate for that purpose, and that in such cases the will containing such devise must be executed at least ninety days before the death of the testator, saying, "the obvious intention of the legislature was to prevent testators who had wives, or children, or descendants of children, having a just claim upon their bounty, from defeating those just claims; and therefore, in all cases of that character, whenever the attempt is made by a testator to devise any portion of his estate to charitable uses, to the exclusion of his wife, or child, or descendants of a child, from its enjoyment, then the will should be executed at least ninety days before his death. The object was to protect the testator's wife, children, and descendants of children, from improper influences that might [be] exercised over him when in extremis, thereby inducing him to devise any portion of his property to charitable uses, to their prejudice, and therefore, in all cases, when that was attempted to be done, the will must be executed ninety days before his death." Then the court further said: "But suppose the testator had no wife, children, or descendants of children to be provided for, or to claim his bounty in their behalf, what reason is there why the will should be executed ninety days before his death? There is no restriction imposed upon him by law as to the right to devise his property to charitable uses, when there is no wife, or child, or descendants thereof; but on the contrary, it is lawful for him to do so. Where there is no wife, child, or descendants of a child to be provided for, the testator may make his will, bequeathing, or devising

his property to charitable uses as in other cases, without any restriction as to the time of its execution.''

Again in Wetter v. Habersham, 60 Ga. 193, the court said: ''But where there are no kindred having the relationship named in the act, the principle does not apply.''

Further adhering to its uniform construction of the statute, that court held in Monahan v. O'Byrne, 147 Ga. 633, 95 S. E. 210, that ''it is the exclusion by a testator of those persons coming within the express terms of the statute which is prohibited. The prohibition is not made in the public interest, but only for the prevention of what the statute regards as a private wrong. Similar statutes have been so considered by the courts of other states. See Thomas v. [Board of] Trustees, 70 Ohio St. 92, 70 N. E. 896; Folsom v. [Board of] Trustees, 210 Ill. 404, 71 N. E. 384; Trustees, etc., v. Ritch, 151 N. Y. 282, 45 N. E. 876, 37 L. R. A. 305.''

Finally in the case of Wesley Memorial Hospital v. Thomson, 164 Ga. 466, 139 S. E. 15, the court held that the words ''in all cases'' should be construed to mean in all cases of that description; that is to say, when the testator leaves a wife or child or a descendant of a child, a bequest or devise to a charitable institution, to the exclusion of them, must be executed at least ninety days before the death of the testator, and that the bequest or devise must not be for more than one-third of the estate when made in favor of a charitable institution.

Moreover, the Supreme Court of the United States in the case of Jones v. Habersham, 107 U. S. 174, 2 S. Ct. 336, 340, 27 L. Ed. 401, in construing this Georgia statute, said that ''the leading clause is limited to the will of a person, leaving a wife or child or descendants of a child, containing a devise to a charitable institution to the exclusion of such wife or child; and the words in the subsequent clause, 'in all cases the will containing such devise,' naturally, if not necessarily, refer to a will containing a devise to such an institution by a person leaving a wife or issue.''

And in our own jurisprudence the principle of law is well settled that when the legislature adopted the provisions of this Georgia statute as a part of Section 270 of our Constitution it did so with the interpretations placed upon the statute by the courts of that state. Ingraham et al. v. Regan, 23 Miss. 213, 226; Marqueze et al. v. Caldwell, 48 Miss. 23, 31. The rule was clearly stated in the case of Daily v. Swope, 47 Miss. 367, as follows: ''When provisions have been adopted into the constitution of this state, from those of other states, it must be presumed that the framers of our constitution were conversant with, and designed to adopt, also, the construction put upon such provisions by such other states.'' See, also, Ratliff v. Beale, 74 Miss. 247, 261, 20 So. 865, 34 L. R. A. 472; Adams v. Yazoo & M. V. Railroad Co., 77 Miss. 194, 275, 24 So. 200, 317, 28 So. 956, 60 L. R. A. 33; and Adams v. Bank of Oxford, 78 Miss. 532, 536, 29 So. 402.

Mr. Chief Justice Marshall in the case of Cathcart v. Robinson, 5 Pet. 264, 280, 8 L. Ed. 120, stated the rule thusly: ''The rule, which has been uniformly observed by this court in construing statutes, is, to adopt the construction made by the courts of the country by whose legislature the statute was enacted, . . . By adopting them, they become our own, as entirely as if they had been enacted by the legislature of the state. They received construction in England, at the time they are admitted to operate in this country . . . may very properly be considered as accompanying the statutes themselves, and forming an integral part of them.''

It may be true that the clause ''and in all cases the will containing such bequest or devise must be executed at least ninety days before the death of the testator'' could have been rendered more explicit by inserting the word ''such'' before the word ''cases'' instead of it appearing before the words ''bequest or devise,'' and by substituting the word ''the'' for ''such'' before the words ''bequest or devise,'' but our Constitution has placed it where the Georgia statute placed it, and the draftsman

of the constitutional provision may have been at pains to do so for the very reason that the meaning of the Georgia statute had been uniformly interperted by its courts, and once by the Supreme Court of the United States, to be that the limitation as to the time when a valid will might be executed, when containing such bequests or devises in favor of charitable institutions, applies only to the will of a person leaving a wife, or child, or the descendants of a child.

We, therefore, hold that the several bequests to these charitable institutions are constitutionally valid, and that the decree of the court below should be affirmed.

Affirmed.

**Roberds, J.**, took no part in this decision.