MISSISSIPPI SCHOOL FOR THE BLIND *v.* ARMSTRONG, et al.

Jan. 26, 1953

No. 38638 17 Adv. S. 27 62 So. 2d 369

*J. T. Kendall,* Assistant Attorney General, for appellee.

*Barnett, Jones & Montgomery,* for appellee.

HALL, J.

Mrs. Mae Eugene McConnico died on July 20, 1951, leaving a last will and testament, executed December 1, 1950, wherein she directed payment of her taxes, debts, expenses of last illness and funeral, and expenses of administering her estate, directed the erection of a modest monument at her last resting place, bequeathed the sum of $1,000.00 to a friend, and then provided in Item 6: "After fully paying all the foregoing items, all the balance of my property of which I may die seized and possessed, both real and personal, or of whatever nature, I devise and bequeath to the Mississippi School for the Blind, located near Jackson, Mississippi, to be used by that institution for the education and benefit of the blind children in attendance at that school." This will was admitted to probate in common form after which Harry E. Armstrong, a son and sole heir at law of the

testatrix, brought suit to have the quoted provision of the will declared void as being in violation of Section 270 of the Mississippi Constitution which is as follows:

"No person leaving a spouse or child, or descendants of child shall, by will, bequeath or devise more than one-third of his estate to any charitable, religious, educational or civil institutions, to the exclusion of such spouse or child, or descendants of child, and in all cases the will containing such bequest or devise must be executed at least ninety days before the death of the testator, or such bequest or devise shall be void.

"Provided, however, that any land devised, not in violation of this section, to any charitable, religious, educational, or civil institution may be legally owned, and further may be held by the devisee for a period of not longer than ten years after such devise becomes effective, during which time such land and improvements thereon shall be taxed as any other land held by any other person, unless exempted by some specific statute."

The chancellor held that the quoted bequest is void in its entirety and adjudged that the Mississippi School for the Blind take nothing by the will, giving the entire residue to the son of testatrix, from which action this appeal is prosecuted.

Appellant contends first that, since the Mississippi School for the Blind is exclusively owned, operated and maintained by the State, it is exempt from the prohibition contained in said Section 270 and that the full residue of Mrs. McConnico's estate goes to the school under Item 6 of her will. In support of this position appellant relies primarily on two Mississippi cases both of which were decided under the old Sections 269 and 270 of the Constitution. Those two sections have been repealed and the present Section 270 has been placed into our organic law by a vote of the people and legislative enactment in lieu of the two former sections. It is radically different from the provisions which it replaced. The first case

upon which appellant relies is Hailey v. McLaurin's Estate, 112 Miss. 705, 73 So. 727, which involved a bequest to Mississippi State Charity Hospital of property situated in Tennessee. The Court held in that case that since the property was situated in the State of Tennessee where there was no prohibition against the bequest it was valid. The other case upon which appellant relies is Coleman v. Whipple, 191 Miss. 287, 2 So. 2d 566, which involved a bequest to the University of Mississippi, Mississippi State College, and Mississippi State College for Women, all of which are institutions owned, operated and maintained by the State. In that case it was held that each of these institutions is "an arm of the State, the State itself" and authorities were cited to the effect that the Sate may not be restricted in its sovereignty except by specific provisions of its statutes or Constitution and that unless the State is specially named, or it be clear that it was intended to be included, general words do not restrict its rights or impose liabilities upon it. We think that Section 270 specifically prevents appellant from taking more than one-third of the estate of Mrs. McConnico to the exclusion of her son. █ The Mississippi School for the Blind is both an educational and a civil institution and falls expressly within the prohibition of the statute.

Moreover, a history of the present Section 270 shows that the foregoing authorities are not applicable to this case. In Bell v. Mississippi Orphans Home, et al., 192 Miss. 205, 5 So. 2d 214, we pointed out that the present Section 270 was copied verbatim from the law of Georgia with the single exception that it uses the word "spouse" where the Georgia law uses the word "wife" and we further said in that case:

"And in our own jurisprudence the principle of law is well settled that when the legislature adopted the provisions of this Georgia statute as a part of Section 270 of our Constitution it did so with the interpretations

placed upon the statute by the courts of that state. Ingraham, et al. v. Regan, 23 Miss. 213, 226; Marqueze, et al. v. Caldwell, 48 Miss. 23, 31. The rule was clearly stated in the case of Daily v. Swope, 47 Miss. 367, as follows: ██ ██ 'When provisions have been adopted into the constitution of this state, from those of other states, it must be presumed that the framers of our constitution were conversant with, and designed to adopt, also, the construction put upon such provisions by such other states.' ''

In the case of Trustees of University of Georgia v. Denmark, 141 Ga. 390, 81 S. E. 238, the same contention was made as is being made by appellant in this case but the Supreme Court of Georgia, in rejecting that contention, said: ''We think that the University of Georgia falls within the description contained in Section 3851 of the Civil Code, which prohibits a devise of more than one-third of an estate to 'any charitable, religious, educational, or civil institution, to the exclusion of such wife of child.' '' We conclude, therefore, that appellant cannot take the entire estate under the residuary clause of the will.

Appellant next contends that if it should be held that the entire residue does not pass to it, then it should at least receive one-third of the estate and that the chancellor erred in holding to the contrary. Against this contention appellee, relying upon the above quoted portion of our opinion in Bell v. Mississippi Orphans Home, says that the Supreme Court of Georgia, in the case of Kelley v. Welborn, 110 Ga. 540, 35 S. E. 636, held that a devise of more than one-third is absolutely void and that the devisee can take nothing under the will. We think, however, that in view of the provisions of the will involved in that case, it is clearly distinguishable from the case here presented. Welborn's will gave to his wife his entire real estate during her natural life or widowhood and then provided ''and, at her death or marriage,

then I devise that all the estate and lands be sold, and the proceeds applied to the building of a new church house for the M. E. Church at Cumming, Ga., where my membership belongs.'' The value of the estate was $2,000. Welborn's will was executed in 1891 and he died in 1896. In either of those years $2,000 would have been sufficient to construct a very nice church building. In holding that nothing passed by the quoted devise the Georgia Court said: ''He might have desired to build a church which would be in the nature of a monument to him, and not have been willing to have erected a mere temporary structure, or to have shared in the erection of a more expensive one. His will was that the church have $2,000 with which to erect a house of worship, and to allow one-third of this amount to be utilized for that purpose would be doing something which the testator never contemplated,. and of which he might have disapproved.'' The effect of the holding in Kelley v. Welborn was that the devise was to be used for one specific purpose, that a trust was in substance created for that purpose, and that when the estate is reduced to a devise of only one-third permitted by the statute the amount would be insufficient to carry out the intent and purpose of the testator. Such is not the case here. One-third of Mrs. McConnico's estate can be used for the education and benefit of the children in attendance at the blind school without thwarting her dominant purpose and intention. The prohibition under our law is not against any devise whatsoever to such an institution as the Mississippi School for the Blind but prohibits only a bequest of more than one-third of the estate. She has expressed her wish, her desire and her intention in clear language.

We must bear in mind two principles which are well established in our jurisprudence governing the construction of wills. One is that ■■ ■ the prime inquiry is the intention of the testatrix and when this has been ascer-

tained all minor, subordinate and technical rules of construction must yield to this paramount intent. In Re Raworth's Estate, 211 Miss. 780, 52 So. 2d 661; Lanham v. Howell, 210 Miss. 383, 49 So. 2d 701, Certiorari Denied 72 S. Ct. 57, 342 U. S. 834, 96 L. Ed. 631; Rice v. McMullen, 207 Miss. 706, 43 So. 2d 195; Yeates v. Box, 198 Miss. 602, 22 So. 2d 411. The other rule is that in the absence of a clear intention to the contrary, that construction should be adopted which will result in a just and reasonable disposition of the property. In Re Raworth's Estate, supra. When we consider Mrs. McConnico's will in the light of these rules it seems crystal clear to us that it was her intention that the Mississippi School for the Blind be the outstanding object of her bounty and that a just and reasonable construction would be that, in accordance with the limitation laid down in Section 270 of our Constitution, the bequest to that institution should be limited to one-third of her estate.

The situation here presented is controlled by what this Court said in Montgomery v. Millikin, 5 Sm. & M. (13 Miss.) 151, 194-195, as follows: "Upon a review of the whole investigation upon this branch of the case, it is strikingly manifest that the rules of equity are intended to be the governing principle in the interpretation of testaments. Law and equity require that the testament shall be maintained, if possible, regarding the will of the testator as sacred, and only to be disregarded when it may be against positive law. The derogation of law, in the present instance, by allowing the bequest to subsist in some shape, it has been shown, would not transgress the spirit of the law. The will must be permitted to have the effect of a bequest of one-fifth of the succession in *usufruct,* or it can have none. The latter alternative is evidently against the meaning of the rules of interpreting testaments, for it cannot be supposed that the testator intended to make a fruitless bequest. Such a construction is not to the prejudice of the forced heir,

because by it the disposition of the testator is not extended, but, on the other hand, it is thereby reduced to the limit of the law and in favor of the heir. It is not making a will for the testator, since he clearly intended to bequeath as much as the law would allow him to do, provided the legacy is equal to the disposable portion.''

Appellees contend that the case just cited was decided under the law of Louisiana and has no application here. It is true that since the parties in that case were citizens of Louisiana our Court held that a man could not devise to his wife a greater portion of his estate than the Louisiana law permitted, but, in determining that the wife under such a bequest should receive as much as the law permits and that the legacy would not lapse entirely or be declared void to that extent, the general principles of law and equity governing the construction of wills were applied as we have quoted last above. It follows that under the will here in question the appellant is entitled to receive one-third of the estate. This impresses us as being a fair, reasonable and just conclusion. The decree of the lower court will therefore be affirmed insofar as it holds that appellant is not entitled to all the residue, but it will be reversed insofar as it holds that appellant it not entitled to one-third thereof, and the cause will be remanded for further proceedings and distribution of the estate in accordance with the view herein expressed.

Affirmed in part and in part reversed and remanded.

*McGehee, C. J.,* and *Holmes, Arrington* and *Lotterhos, JJ.,* concur.