CITY OF JACKSON *v.* TRUSTEES OF YOUNG WOMEN'S
CHRISTIAN ASSN.

No. 39659          May 16, 1955          80 So. 2d 50

*E. W. Stennett, W. T. Neely, Jackson,* for appellant.

*W. H. Watkins, Butler, Snow, O'Mara, Stevens & Cannada,* Jackson, for appellees.

300

**HALL, J.**

On January 13, 1921, Thos. Gale conveyed to the Trustees of the Young Women's Christian Association of Jackson, Mississippi, and their successors, Lots 3 and 4 of Square 7 South, in the City of Jackson, Mississippi, according to the official map of said city made by H. C. Daniel in 1875. The deed then provided as follows: "This conveyance is in trust for the purposes and upon the conditions following:

"1. The said Young Women's Christian Association of Jackson shall maintain upon said property a women's boarding home under such restrictions and regulations as the said Association may impose. But, in the event changed conditions should make a change of use of said property desirable, the said Association may use the said property in such other way and for such other purposes connected with the carrying on of its work in the City of Jackson as said property shall be, by said Association and the said Trustees deemed best fitted for, provided however, that the said property shall not be rented or leased to any individual or corporation and used thereby merely as an investment for the production of revenue to be expended by the Association. The said property shall not be, by said trustees or their successors in trust or by said Association, conveyed away or encumbered.

"2. If, at any time, the said property shall cease for the period of one year to be used by the said Young Women's Christian Association of Jackson in connec-

tion with and in furtherance of its work in the City of Jackson, then all of the title and interest of the said trustees, their successors or successor in trust, shall cease, terminate and be divested and title to said property shall thereupon vest in the City of Jackson, Mississippi, and the said City of Jackson, acting by and through its City Council and with the consent of the Chancery Court of the First Judicial District of Hinds County, Mississippi, to be first obtained by petition filed by said council and to be embodied in a decree of said court, shall devote said property and hold and use the same forever for charitable and eleemosynary purposes and for the promotion of the general welfare of its citizens and residents. The manner in which said property shall be used from time to time may be determined by said council at any time with the consent, as hereinbefore set out obtained, of said Chancery Court or of the court having general equity jurisdiction under the laws of Mississippi in said City of Jackson.''

At the time of the execution of this deed the Young Women's Christian Association, which will hereafter be referred to as the ''Y,'' owned and operated no boarding home for young women, and only had an office on Capitol Street. Soon after delivery of the above deed the ''Y'' established and for many years thereafter continuously operated a young women's boarding home in the two story frame house situated on said lots. When the deed was executed the property was situated, about one block south of the present location of the Hinds County courthouse, in a most desirable residential section of Jackson which then had a population of about 23,000. By 1930 the city's population had almost doubled and people had begun moving out of that area and commercial and industrial businesses had begun moving in. The situation reached the point where this location was no longer desirable as a boarding home for young women as they would be molested at night and it was no longer a desirable residential area. Finally the Trustees closed

the boarding home, and obtained another and more desirable location, and they converted this property into a day nursery which they operated for several years. By 1940 Jackson's population had almost doubled again. As a residential section of the City this area had deteriorated further, but the Trustees again tried the operation of a boarding home for young women but without success. Then they again converted its use into a day nursery and they have continued to so use it up to the present time. It has never failed to use it for as much as one year. In the meantime the "Y" has constructed a modern home, suitable in every respect for its purposes, in a desirable section of the city on North State Street. The population of the city has increased to over 100,000. Commercial establishments have continued to make inroads upon the property in question. The building thereon has become old and dilapidated and under the present ordinances of the city it is wholly impractical and utterly impossible to repair the old frame building without the expenditure of a sum which would be necessary for its complete reconstruction. The "Y" does not have the funds for that purpose. It has for several years operated the day nursery at a loss and there is no other use to which the property can be put by it. Its new home was erected at a cost of approximately $550,000.00 and it owes a debt of approximately $104,-000 thereon and is in need of the funds which might be obtained from a sale of the property in question to reduce the indebtedness owing on its new home. The lots in question constitute a tract 160 feet square. The building thereon is not worth what it would cost to tear it down, but the land is worth from $40,000 to $50,000.

In 1953 the appellees filed their bill of complaint in the chancery court seeking a decree of the court for a sale of the property and the application of the proceeds to the present indebtedness of the "Y." There were named as defendants all the heirs at law of Thos. Gale, deceased, and also the City of Jackson, and

by an amendment the Attorney General of Mississippi was brought in as a defendant to represent the interests of the public. The Gale heirs appeared and demurred to the bill and their demurrers were overruled. They filed no further plea or answer and did not oppose the relief sought by the bill, and have not appealed here. The Attorney General did not oppose the granting of the relief sought and has not appealed. The City of Jackson answered and, while admitting that it had no facilities for administering a charitable trust such as contemplated by the aforesaid deed, it took the position that as a municipal corporation and an arm of the government it could not confess or waive anything. The case was tried and the facts which we have detailed were fully and conclusively developed by the proof. The chancellor granted the relief prayed for but provided in the decree that the property should not be sold for less than $40,000 without further consent of the court and that out of the proceeds of the sale the ''Y'' should establish a suitable memorial on the first floor of its present building to the memory of Thos. Gale. From that decree the City appeals, and its principal contention is that the deed from Thos. Gale created a valid charitable trust in perpetuity and that the chancery court exceeded its authority and jurisdiction in ordering a sale of the property. We do not agree with that position.

In Merchants Bank & Trust Co. v. Garrett, 203 Miss. 182, 33 So. 2d 603, we quoted with approval from Section 167, A. L. I. Restatement, Trusts, as follows: ''The court will direct or permit the trustee to deviate from the terms of the trust if owing to circumstances not known to the settlor or not anticipated by him compliance would defeat or substantially impair the accomplishment of the purposes of the trust; and in such case, if necessary to carry out the purposes of the trust, the court may direct or permit the trustee to do acts which are not authorized or are forbidden by the terms of the trust.''

We could extend this opinion to undue length with quotations from cases from all over the country, but the principle is so well settled that this is wholly unnecessary. Some of the applicable authorities are: Low v. First National Bank, 162 Miss. 53, 138 So. 586, 80 A. L. R. 112, 113; Mayes v. Mayes, 133 Miss. 213, 97 So. 548; Henshaw v. Flenniken, 183 Tenn. 232, 191 S. W. 2d 541, 168 A. L. R. 1010; Rolfe & Rumford Asylum v. Lefebre, ........ N. H. ........, 45 A. 1087. Others will be found in the Reporter's digest of the briefs.

The decree of the lower court will be affirmed and the cause remanded for supervision of the sale and other terms of the decree of the lower court.

Affirmed.

*Roberds, P. J.*, and *Lee, Holmes* and *Ethridge, JJ.,* concur.