MISSISSIPPI CHILDREN'S HOME SOCIETY *v.* CITY OF JACKSON, et al.

No. 40438 March 18, 1957 93 So. 2d 483

*Barnett, Jones & Montgomery, Creekmore & Beacham,* Jackson, for appellant.

*George W. Haynes,* Utica; *Hugh B. Gillespie, Jr.,* Raymond, for appellees, Mrs. Ethel Richardson Gale, Mrs. Mary Gale Page and Mrs. B. R. Joel, Jr.

*Wells, Thomas & Wells,* Jackson, for appellee, Mrs. Mary G. Cline.

*E. W. Stennett, W. T. Neely,* Jackson, for appellee, City of Jackson.

ETHRIDGE, J.

We are concerned here with a charitable trust where the donor declares how the gift shall be used in the event of certain conditions terminating the charitable use to which he, in the first instance, provided that it should be devoted. The issue is whether the first taker, under the equitable doctrine of deviation from administrative requirements because of changed circumstances, should be permitted to sell the land and continue to devote the proceeds to the charitable purposes of the first donee. We think not.

■■ ■ Appellant Mississippi Children's Home Society, called "Society", brought this suit in the Chancery Court of the First Judicial District of Hinds County against the City of Jackson, five heirs of Thomas Gale, the deceased grantor, and the Attorney General as representative of the public. General demurrers of defendants were sustained to the bill, and, complainant declining to plead further, a final decree was entered dismissing the bill. The facts hereinafter stated in summary form are those alleged, which must be taken as true on the demurrers.

On November 25, 1925, Thomas Gale conveyed to the Society 240 acres of land west of the city limits of Jackson. That deed provided:

"In consideration of the sum of One Dollar, paid to me, and of my desire and intention hereby to contribute to the public good, I, Thomas Gale, do hereby sell and convey, subject to the conditions and reservations herein contained, to the Mississippi Children's Home Society, a Corporation chartered and organized under the law of the State of Mississippi, the land and property in the First Judicial District of Hinds County, State of Mis-

sissippi, described as: (Omitting the property description).

"But this conveyance is upon and subject to the following express conditions, all of which are part of the consideration for the same:

"A. That the said property, by which is meant the physical property itself shall be used exclusively for the eleemosynary, humanitarian and/or educational purposes of the said grantee and not for the purposes of private profit or commercial purposes in any way whatsoever.

"B. That the said property shall not be sold or mortgaged or encumbered in any way, and especially that it shall not be sold for purposes of reinvestment of the proceeds of sale.

"C. That if, at any time for a period of six months, the said property shall be unused or abandoned by the grantee and/or if it should be used by the said grantee or permitted to be used by the grantee for purposes other than those for which it is hereby conveyed, and/or if the said grantee should cease to exist or to carry on in Mississippi its present work and activities, then, in either event, all of the right, title and interest of the said grantee shall thereby and thereupon be immediately defeated and devested and the said property and the whole title thereto (subject to the conditions hereinafter set out) shall vest immediately and fully in the City of Jackson, Mississippi, (a municipal corporation)) and the said property may then be used by the said City for any municipal or public purpose whatsover, except for cemetary purposes, but shall never be sold or conveyed by said City for any cause or consideration to any person or corporation or used for purposes of private profit or commerce, —but the same shall be held and used for the welfare and benefit of the public and especially of the residents of the said City and vicinity.

"D. That in no event shall the title to the said property revert to my heirs at law or to any of them; it having been my intention hereby to devote the said property exclusively and for all time (so far as the law permits) to eleemosynary, humanitarian and/or public purposes and use."

After execution of the deed, the Society took possession of this property and has used it as a farm and dairy for its own charitable purposes. The Society is a nonprofit, charitable corporation incorporated for eleemosynary, humanitarian, and educational purposes for the benefit of homeless and neglected children in the state.

In 1925 this property consisted of farm land located several miles west of the city limits of Jackson on an unimproved county road. In 1925 and for several years before that, the domitories and other buildings and facilities of complainant were located upon lands owned by by it on North West Street in Jackson, many miles from this property. Its facilities provided and still provide ample space for the present and foreseeable needs of the Society. When the deed was made complainant had no funds with which to erect facilities on the land conveyed, which was then inaccessible and undesirable for complainant's operations. The grantor knew these facts when he executed the deed. The Society used the land for farm and dairy purposes, and Gale acquiesced in this until his death in 1934.

Operation of the land as a farm and dairy has resulted in losses to the complainant, and, because of increased costs, these losses have increased each year, so that it is now impracticable to continue to operate the farm and dairy, and impossible to do so and at the same time benefit the charitable purposes of the Society. These circumstances have resulted from greatly changed conditions between 1925 and today. Since 1925 the population of the city has more than trebled. A modern paved highway has been relocated through this farm

and a proposed extension of Lynch Street by the City will go through it. There have been commercial, industrial and residential developments along the highway beyond these lands. Because of these unforeseeable events the property is now worth not less than $1,000 per acre. For these reasons complainant asked the chancery court for authority to develop this property for commercial, industrial, and residential purposes, and to rent, use or sell it, with the proceeds to be used solely for the charitable purposes of the Society.

 This particular gift to the Society, a charitable corporation, created a charitable trust. The owner of property may devote it to charitable purposes not only by transferring it in trust for such purposes, but also by transferring it to a charitable corporation. Most of the principles applicable to charitable trusts are applicable to charitable corporations. The restrictions in the deed are valid and enforcible, as they would be if the property were given to individual trustees for charitable purposes. In each case the question is whether the rule which is applicable to trustees is applicable to the particular charitable corporation with respect to the restricted use of the property. The Gale deed warrants their application to the appellant. This is in accord with the stated purposes of the grantor and the general rule. 4 Scott, Trusts (2d ed. 1956) Sec. 348.1; Anno., 130 A. L. R. 1101, 1121 (1941); Old Ladies' Home Ass'n. v. Grubbs' Estate, 191 Miss. 250, 199 So. 287, 2 So. 2d 593 (1939).

Whether the Society should be permitted to lease or sell this property must be determined primarily by the terms of the instrument creating this charitable trust. A trustee may be permitted by the chancery court to deviate from a term of the trust if owing to circumstances not known to the settlor and not anticipated by him, compliance would defeat or substantially impair accomplishment of the purposes of the trust. A.

L. I., Restatement of Trusts Sec. 167; Merchants Bank & Trust Co. v. Garrett, 203 Miss. 182, 33 So. 2d 603 (1948); City of Jackson v. Trustees of Y. W. C. A., 80 So. 2d 50 (1955); 2A Bogert, Trusts and Trustees (1953) Sec. 394, p. 211. ██ ██ This rule permitting deviations from the settlor's directions as to mere methods of administration, where the charitable objective is not changed but rather the means and methods of it are varied, sometime called **the equitable doctrine of approximation**, must be distinguished from the cy pres power. That is the principle that equity will, when a charity is illegal or later becomes impossible or impracticable of fulfillment, substitute another charitable object which is believed to approach the original purpose as closely as possible. This latter theory that equity has the power to mould the charitable trust to meet emergencies was rejected and held to be not applicable to the facts in National Bank of Greece v. Savarika, 167 Miss. 571, 148 So. 649 (1933). 2A Bogert, Trusts and Trustees, Sec. 431; 4 Scott, Trusts, Sec. 395, et seq.

██ ██ Appellant contends that, because of the equitable rule of approximataion, the chancery court erred in sustaining the demurrers and therefore in holding it had no power to direct appellant to lease or sell the property. However, the approximation rule cannot be applied where the donor himself declares how the gift shall be used in the event of the failure of the charitable use to which he, in the first instance, provided that it should be devoted. The Gale deed conveyed the 240 acres of land to the Society "subject to the conditions and reservations herein contained". Under paragraph A, the "physical property itself" must be used exclusively for the grantee's charitable purposes. Under B, the property was not to be sold or encumbered, or "sold for purposes of reinvestment of the proceeds of sale." So far as practicable and legally permissible, the duty of the court is to carry out the grantor's intentions.

These were the principal restrictions which he placed upon the estate granted to the Society.

■■ ■ A gift over from one charitable purpose to another upon the happening of an event is valid. ■■■ The event upon which the gift over is to take effect may be the failure of the original charitable trust. If that happens, the property will not revert to the settlor or his heirs, nor will the doctrine of cy pres be applicable, but the property will be held upon the alternative trust designated by the settlor. 4 Scott, Trusts, Sec. 401.5 (citing numerous cases). The gift over to the second **charity in the Gale deed is stated in** paragraph C. If the Society for a period of six months does not use the property, or if it uses it for purposes other than charitable purposes, or if the Society ceases to exist or operate in Mississippi, then the trust estate of the Society is terminated, and the estate is vested in the City of Jackson to be "used by the said city for any municipal or public purpose whatsoever, except for cemetery purposes." The City shall not sell the land to any person, "but the same shall be held and used for the welfare and benefit of the public and especially of the residents of the said City and vicinity."

If the court should permit the Society to sell this property, then it would not carry out the grantor's purpose, but, on the contrary, would emasculate that purpose. Gale manifestly intended to make a gift of the land itself to the Society for its charities and to make a gift over, upon the happening of the stated events, to the City of Jackson for public purposes and the benefit and welfare of the public. Sale of the land and use of the proceeds by the Society would eliminate the gift over to the City. 4 Scott, Trusts, Sec. 401.5.

2A Bogert, Trusts and Trustees, Sec. 431, p. 318, states the rule which is equally applicable to the equitable doctrine of approximation: "Cy pres will not be applied where the settlor has made an express provision

for an alternative disposition of his property, if the charity as he planned it proves impossible, inexpedient, or impractical. He may prevent the need for the application of cy pres by making a gift over in such case to a private donee or to another charity.'' See also 14 C. J. S., Charities, Sec. 52, p. 516; 10 Am. Jur., Charities, Sec. 124; 169 A. L. R. 276 (1947); In re Harrington's Estate, 151 Neb. 81, 36 N. W. 2d 577, 583 (1949); 4 Scott, Trusts, Sec. 399.2, pp. 2832-3.

In the instant case the settlor, Thomas Gale, made an express provision for an alternative disposition of his property, upon the happening of the events stated in the deed. So the equitable doctrine of approximation is not pertinent.

City of Jackson v. Trustees of Y. W. C. A., 80 So. 2d 50 (Miss. 1955), is not controlling here. The grant, and the conditions terminating the initial grant and creating the alternative disposition of the property in that case to the city of Jackson, were somewhat similar to the present ones. That case was tried on its merits. It involved two small lots in the commercial area of the city. The City admitted that it had no facilities for administering a charitable trust such as contemplated by that deed. The opinion noted this, and held that, if the first taker were not permitted to sell the lots and use their proceeds for its charitable purposes, the entire trust would fail. That is not the fact here. The City contends that it can use this 240 acres for public purposes, such as a park. Hence this charitable trust with a gift over in trust can be fully effectuated by applying the grantor's full intent as to both gifts.

Board of Trustees of York College v. Cheney, 158 Neb. 292, 63 N. W. 2d 177 (1954) is somewhat similar to the instant case. In 1892 the grantors conveyed land to trustees of York College for school purposes, with the restrictions that the property should never be encumbered or sold. In the event these restrictions were

violated, the deed provided for a gift over to the County of York to hold the same for school purposes. Trustees of the college filed suit for permission to place a mortgage upon or sell the property. The principal building on the campus was destroyed by fire, and the school could not operate without replacing it. It did not have the resources to do that, and the church which sponsored it refused to make further necessary contributions to its support, because the trustees did not have sufficient title to the land to give them authority to raise necessary funds. Support was refused unless these restrictions were eliminated.

The petition was denied. It was held that the grantor's purpose was for the college to use the property itself for school purposes, and, if the college did not so use it, the deed provided for a gift over to the county for school purposes. It was said that the equitable doctrine of approximation "obviously can have no existence when the donor himself declares how the gift shall be used in the event of the failure of the charitable use to which he, in the first instance, provided that it should be devoted."

 Thomas Gale's grant to the Society contained legally permissible restrictions upon use of the property, with a limitation or gift over to the City of Jackson for public purposes upon the happening of stated events. The approximation rule cannot apply under these circumstances, since its application would completely thwart the grantor's intent. Hence the chancery court was correct in sustaining the general demurrers to the bill, and, since appellant declined to plead further and the bill was finally dismissed, the decree below is affirmed without remand. This decision does not affect the Society's rights to use the property in accordance with the terms of Gale's deed to it.

Affirmed.

*Hall, Kyle, Arrington* and *Gillespie,* JJ., concur.