304 So.2d 287 (1974)
The CITIZENS NATIONAL BANK OF MERIDIAN, a corporation, Trustee of Marianne H. Longshore, Defendant-Appellant,
v.
Marianne H. LONGSHORE, Complainant-Appellee.
No. 47790.
Supreme Court of Mississippi.
December 9, 1974.
*288 Wilbourn, Williams & Glover, Maurice H. Hall, Jr., Meridian, for defendant-appellant.
Riddell & Dabbs, Quitman, for complainant-appellee.
PATTERSON, Justice:
The Citizens National Bank of Meridian appeals from a final decree of the Chancery Court of Lauderdale County wherein a testamentary trust created by the will of Mrs. Mary H. Lowry was dissolved. Mrs. Marianne H. Longshore, appellee, was adjudged to be entitled to the immediate possession of the trust property and the appellant/trustee was directed to make its final account and to deliver the property to her. We affirm.
Mrs. Mary H. Lowry, the grandmother of Mrs. Marianne H. Longshore, hereinafter Marianne, executed her will in February 1935. It devised, among other things, the family home and one-half of the remaining estate to Mrs. Hattie L. Hughes, her daughter. The remainder of the testatrix's property was placed in a trust for the benefit of Marianne. The will directed that this trust be administered by the Citizens National Bank of Meridian. Since the primary issue before the Court is whether the trust was properly terminated, the provisions of the will and after events have importance.
The will directed the trustee to pay Marianne $250 each month from the trust for a period of five years and thereafter $300 per month for life. It provided that the trust was to terminate:
(a) Should Marianne die before the testatrix leaving no child or children or descendants thereof, then the trust estate was *289 to vest in Mrs. Hattie L. Hughes if she was living at the death of the testatrix.
(b) Should Marianne die after the testatrix without issue or descendants of issue, the corpus of the trust was to vest in Mrs. Hattie L. Hughes, her mother.
(c) Should Marianne die after the testatrix without issue or descendants of issue, and be predeceased by her mother, Mrs. Hattie L. Hughes, then the corpus of the estate was to vest in C.L. Hughes, her father.
(d) Should Marianne die before or after the testatrix, leaving a child or children or descendants thereof, the trustee was to continue to hold and administer the estate (details omitted) until the youngest reached the age of twenty-one, at which time the corpus of the trust was to be delivered to such child or children or their descendants.
The testatrix died in 1935. Marianne was twenty-three years of age and unmarried at the time the will was probated. C.L. Hughes died in 1936, his property, since he left no will, descending to his wife, Hattie L. Hughes, and his daughter, Marianne. Mrs. Hughes died testate in 1970, leaving her property to Marianne, her daughter.
Meanwhile, in 1939, Marianne married Frank S. Longshore when she was twenty-six years of age. This was the first and only marriage of the parties and no children have been born to or have been adopted by them.
The evidence discloses that Marianne is now unable to bear children and that she was sixty years of age when this suit was filed. It prayed for the trust to terminate and for the corpus, now in excess of $420,000, to vest in the complainant. The suit did not challenge, nor does it now question, the proper administration of the trust by the appellant.
The trial court found that Marianne was the only person with interest in the trust property, that its purposes had been fulfilled and that the trust should terminate. The trustee was therefore directed to account for and deliver the property to Marianne.
On appeal the trustee seeks reversal by contending that the trial court did not have before it necessary parties interested in the trust at the time of trial, that the decree defeated the intent of the will and that Marianne was not entitled to the corpus of the trust.
The argument that necessary parties were not before the court is founded upon the premise that the possibility of issue of living persons is never extinct and that the trial court, aided only by hearsay evidence, destroyed the interest of possible unborn and undetermined remaindermen since Marianne and her husband are still living. Assuming, but not deciding, the existence of such presumption, we nevertheless conclude that the presumption was effectively rebutted by the uncontradicted evidence that Marianne had undergone a hysterectomy and was physically unable to bear children. Since this is so, we forbear a discussion of the possibility of issue by Marianne at her present age.
The trustee's fear that litigation against it will be encouraged by unknown heirs or remaindermen in the future is, in our opinion, more imagined than real. The common law presumption of the possibility of issue regardless of the age of husband and wife, did not envision modern surgery rendering procreation impossible. United States v. Provident Trust Co., 291 U.S. 272, 54 S.Ct. 389, 78 L.Ed. 793 (1934). We conclude the argument for other and unknown persons to be made parties to the suit to be without merit.
It is next contended that the termination of the trust is contrary to the testamentary intent of the testatrix. The premise for this argument is that a review of the will establishes its primary purpose to be that of providing Marianne a monthly *290 income for life. While it is true that the will provides for the monthly payments for life "so long as the net income from said trust estate justifies," we do not think it necessarily follows that this provision can be isolated from the other terms of the will, and when it is considered from its four corners, as must be done [Yeates v. Box, 198 Miss. 602, 22 So.2d 411 (1945)], the force of the argument is considerably diminished.
We initially recognize, as did the trial court, that the circumstance of Marianne's out-living her mother and father, but being childless, was not mentioned in the will. Whether this situation was the result of oversight or design is now conjecture. The testatrix's intention must be gathered from that which was written.
A review of the will demonstrates that the testatrix desired the natural objects of her bounty to receive her estate. This was accomplished by leaving one-half of the property to Mrs. Hughes, her daughter, and the other half in trust to her granddaughter, Marianne. The monthly bequest to Marianne was for her direct benefit immediately upon the death of the testatrix and also for the benefit of Marianne's descendants, which, of course, also benefited Marianne. In our view the intent of the will was to establish a beneficent trust to provide for Marianne during her life, to provide for her children during their minority and to ultimately vest in them the corpus of the trust when they attained their majority.
The contingent remainders created by the will and mentioned above are now impossible of fulfillment due to the death of the remaindermen and the impossibility of issue by Marianne. The purpose of the trust in providing for Marianne's descendants during their minority and in providing that they receive the trust estate on reaching their majority, has become impossible of fulfillment. Since this is so, we are of the opinion that no reason is apparent, from either the terms of the will or from equitable logic, for the trust to survive the purpose of its creation. Yeates v. Box, 198 Miss. 602, 22 So.2d 411 (1945).
Moreover, we are of the opinion that delivery of the trust to Marianne, who was the designated and natural object of her grandmother's bounty, would more nearly conform to the intent of the will under the cy-pres rule than would depriving her of the benefits of the estate by the literal payment of $300 per month for life, leaving the corpus to descend upon Marianne's death to heirs not the issue of her body.
Finally, we disagree with the appellant's contention that Marianne is not entitled to the corpus of the trust. In Peoples Bank v. D'Lo Royalties, Inc., 235 So.2d 257 (Miss. 1970), we held in accord with the general rule that when the time for the termination of a trust arrives, the duties and powers of the trustees cease, there remaining only the duty of settling the trust affairs and transfer of the property to the "proper persons," meaning the lawful heir or heirs. The time to settle the trust, in our opinion, has now arrived.
We conclude that the decree of the lower court should be affirmed and that the trustee should promptly file its accounting and deliver the property of the trust to Marianne H. Longshore.
Affirmed.
RODGERS, P.J., and INZER, SUGG and WALKER, JJ., concur.